In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00481-CR**
_____


**REGINA KAYE VANWINKLE,
A/K/A REGINA THOMPLINS,
A/K/A REGINA VANWINKLE,
A/K/A SHAYNA KAYE COLEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-11801**

**MEMORANDUM OPINION**

In this appeal, counsel for Regina Kaye Vanwinkle,[1] the appellant, filed a brief stating that there are no arguable points of error that would allow Vanwinkle to obtain relief from her conviction. After reviewing the record, we agree that no

---

[1]Regina Kaye Vanwinkle is also known as Regina Thomplins, Regina Vanwinkle, and Shayna Kaye Coleman.

1

arguable issues support Vanwinkle's appeal. *See Anders v. California*, 386 U.S. 738 (1967).

In carrying out a plea agreement, Vanwinkle pled guilty to felony theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2013).[2] Under the terms of Vanwinkle's plea agreement, the trial court deferred the adjudication of Vanwinkle's guilt and placed Vanwinkle on community supervision for five years.

Subsequently, by motion, the State asked the trial court to revoke its community supervision order and to find Vanwinkle guilty of felony theft. At the motion to revoke hearing, after Vanwinkle pled true to committing an additional theft while on community supervision, the trial court found that Vanwinkle violated a term of the trial court's deferred adjudication order, revoked Vanwinkle's unadjudicated probation, found Vanwinkle guilty of felony theft, and assessed a sentence of two years in state jail.

On appeal, Vanwinkle's counsel filed a brief presenting counsel's professional evaluation of the record. The brief contains counsel's conclusion that Vanwinkle's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow

---

[2]The changes made to this statute following the commission of Vanwinkle's theft do not affect the outcome of this appeal and thus, we cite to the current version of the statute.

Vanwinkle to file a *pro se* brief. Vanwinkle did not file a *pro se* brief, but she did file a letter requesting that we reduce her sentence by six months.

After reviewing the appellate record, Vanwinkle's letter, and the trial court's judgment, we agree with counsel's conclusion that no arguable issues support Vanwinkle's appeal. Therefore, we need not order the appointment of new counsel to re-brief Vanwinkle's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Because no arguable issues support Vanwinkle's appeal, we affirm the trial court's judgment.[3]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 1, 2014
Opinion Delivered April 9, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[3]Vanwinkle may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.